UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **KASPER PRO VAC SERVICES, LLC;** | ) | CIVIL ACTION NO.   SA-12-CV-323-OLG |
| | ) | |
| **KASPER DISPOSAL, LLC; and** | ) | |
| | ) | |
| **KASPER OIL & GAS FIELD SERVICE, LLC,** | ) | |
| | ) | |
| Respondents. | ) | |

## UNITED STATES OF AMERICA'S RESPONSE TO
## MOTION TO DISMISS AND FOR A MORE DEFINITE STATEMENT

Comes now, Petitioner, United States of America, by and through the United States Attorney for the Western District of Texas and the undersigned Assistant United States Attorney and files the United States of America's Response to Motion to Dismiss and for a More Definite Statement (Doc. 18) and states the following:

### I.

On April 10, 2012, a Verified Complaint for Forfeiture (Doc. 1) was filed against the interest of Antonio Pena-Arguelles and the interest of the Pena Family Irrevocable Remainder Trust in Kasper Pro Vac Services, LLC; Kasper Disposal, LLC; and Kasper Oil & Gas Field Services, LLC, which is the *res* of this civil forfeiture action. The facts of this Verified Complaint for Forfeiture were filed and subsequently remain under seal. On May 14, 2012, Emilio Davila (trustee for the Pena Family Irrevocable Remainder Trust) and Antonio Pena-Arguelles filed a

1

claim (Doc. 4).[1] On May 16, 2012, Kasper Pro Vac Services, LLC; Kasper Disposal, LLC; and Kasper Oil & Gas Field Services, LLC (hereinafter the Kasper Entities) filed an answer (Doc. 5), and on May 21, 2012, Erik Gutierrez and the Kasper Entities filed a claim (Doc. 14) in the instant civil forfeiture action.

## II.

On May 29, 2012, the United States along with the Kasper Entities, through their counsel, Donato D. Ramos, filed a Joint Motion for Order Adopting Stipulation and Settlement Agreement and Hold Harmless Agreement (Doc. 16), which was entered by this Court on May 30, 2012 (Doc. 17). Pursuant to said order, the Kasper Entities agreed to tender the amount of $1,750,000.00, (hereinafter the "Respondent Property") which represents the proceeds of the sale of Antonio Pena-Arguelles' interest and the Pena Family Irrevocable Remainder Trust's interest in Kasper Pro Vac Services, LLC; Kasper Disposal, LLC; and Kasper Oil & Gas Field Services, LLC and which is to be held by the Internal Revenue Service in an interest bearing account until final disposition of the instant civil forfeiture case.

## III.

On February 15, 2012, Antonio Pena-Arguelles was indicted in the Western District of Texas, San Antonio Division, under Criminal Case Number: SA-12-CR-102-OLG for violations of Title 18 U.S.C. § 1956(h), Conspiracy to Commit Money Laundering.[2] The actions that give rise to the charges alleged in the indictment are the same actions that give rise to the instant civil

---

[1] Said claim was for $1,750,000.00, an amount representing the proceeds of the sale of Antonio Pena-Arguelles'interest and the Pena Family Irrevocable Remainder Trust's interest in Kasper Pro Vac Services, LLC; Kasper Disposal, LLC; and Kasper Oil & Gas Field Services, LLC.

2 The United States advises the Court that this indictment was *not* filed under seal and that undersigned counsel, specifically, Gerald Goldstein and Donald Flanary, are counsel of record for Antonio Pena-Arguelles in the related criminal case and have therefore received this indictment.

forfeiture case. The Verified Complaint for Forfeiture (Doc. 1) was filed against the Respondent Property on the basis of its connection to the alleged criminal violations of Title 18 U.S.C. §§ 1956 and 1957, and that it is subject to forfeiture pursuant to Title 18 U.S.C. § 981(a)(1)(A) and 981(a)(1)(C). As such, the United States argues that the interest of Antonio Pena-Arguelles and that of the Pena Family Irrevocable Remainder Trust in Kasper Pro Vac Services, LLC; Kasper Disposal, LLC; and Kasper Oil & Gas Field Services, LLC, is subject to forfeiture to the United States.

## IV.
## No Probable Cause for Seizure

Claimants contend "that no probable cause has been shown for the seizure of the Respondent Property, nor has any authority been cited as authorizing seizure." First, the United States must clarify that there has been no seizure of the $1,750,000.00. As mentioned above, the Joint Motion for Order Adopting Stipulation and Settlement Agreement and Hold Harmless Agreement (Doc. 16) calls for the Kasper Entities to tender $1,750,000.00 which will be held by the Internal Revenue Service in an interest bearing account until final disposition of the instant civil forfeiture case; however, neither the United States nor the Internal Revenue Service has received any amount from the Kasper Entities as of the filing of this response.

Assuming *arguendo*, that there is or will be a seizure of the $1,750,000.00 by the United States, the lack of probable cause for such a seizure is not a proper basis for a motion to dismiss the complaint. *See United States v. $50,040 in U.S. Currency*, 2007 WL 1176631 (N.D. Cal. 2007) (denying motion to dismiss complaint for lack of probable cause; a motion to dismiss must be filed under Supplemental Rule G(8)(b), Fed. R. Civ. P., which applies the standard set forth in Supplemental Rule G(2)(f), not the probable cause standard that applies to Fourth Amendment

seizures; if the claimant wishes to challenge the legality of a seizure, he must do so pursuant to Rule G(8)(a), but lack of probable cause for the seizure will have no impact on the sufficiency of the complaint).

## V.
## Motion to Dismiss (Failure to State a Claim)

Claimants also contend that the Verified Complaint for Forfeiture must state facts with "sufficient particularity" and that it is so vague and ambiguous that Claimants cannot reasonably file a response. The United States, rather than naming the Respondent Property in an indictment,[3] commenced a civil forfeiture action by filing its Verified Complaint for Forfeiture, the facts of which are filed under seal. The Verified Complaint was filed with a verification executed by Internal Revenue Service Special Agent Luis Reyna wherein he declares under penalty of perjury that the contents are true and correct. Moreover, the Verified Complaint satisfies the requirements of Rule G(2)(f) which has codified the case law, specifically, the decision in *U.S. v. Mondragon*, 313 F. 3d 862 (4th Cir. 2002). In *Mondragon*, the Court held that Supplemental Rule G(2)(f) supplants Supplemental Rule E(2)(a)'s "particularity requirement." Supplemental Rule G(2)(f) provides that the complaint must state specifically detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial. Clearly, the focus of Supplemental Rule G(2)(f) is on whether the Government has alleged sufficient facts to support the reasonable belief standard described therein. *See United States v. $74,500 in U.S. Currency,* 2011 WL 2712604, *2 (D. Md. July 11, 2011) (under Supplemental Rule G(8)(b), a complaint is sufficient if it meets the reasonable belief standard in Supplemental Rule G(2)(f), which was derived from the

---

[3]Although as of this date, the Respondent Property has not been specifically named in any indictment in a criminal case, the United States reserves its right to do so at a future time.

Fourth Circuit's decision in *Mondragon*; the Government does not have to prove its case to get in the courthouse door); *United States v. $40,000.00 in U.S. Currency,* 2010 WL 2330353, *4 (W.D.N.C. 2010) (Supplemental Rule G(2)(f) supplants Supplemental Rule E(2)(a); under the new standard, the facts alleged in the complaint need only be sufficient to support a reasonable belief that the Government will be able to prove its case *at trial*; they do not have to be sufficient to establish the forfeitability of the property at the time the complaint is filed); s*ee also* Advisory Committee Note to Supplemental Rule G(2)("Application of this standard in Rule Supplemental E(2)(a) has evolved to the standard stated in subdivision (2)(f). The complaint must state sufficiently detailed facts to support a reasonable belief that the Government will be able to meet its burden of proof at trial"). In *U.S. v. $49,000 Currency*, 330 F. 3d 371, 376 n.8 (5th Cir. 2003), the Fifth Circuit has interpreted Supplemental Rule E(2)(a) as requiring the Government to allege ". . . facts supporting a reasonable belief that it will be able to bear its burden at trial"(citing *Mondragon*, 313 F.3d at 865). Therefore, Claimants' argument that the Verified Complaint is vague, ambiguous and lacks "sufficient particularity" is without merit.

Although the facts of the Verified Complaint remain under seal,[4] counsel receives what is not filed under seal, including the description of the Respondent Property, the authority for the Court's jurisdiction and venue, and as previously mentioned, the specific statutes cited by the United States as authority for the action.

The United States reiterates its arguments that the Facts in Support of Forfeiture should remain under seal to protect the integrity of the investigation, to prevent the destruction of

---

4 The sealed portion of the Verified Complaint, "Facts in Support of Forfeiture," is actually contained in Appendix A but was mistakenly listed in the Verified Complaint under section IV as Appendix B. Appendix B is actually the Notice of Complaint for Forfeiture sent to known interested parties. A copy of Appendix B, along with the Verified Complaint was provided to Antonio Pena-Arguelles through his attorney Gerald Goldstein (Doc. 7) on April 25, 2012; and the Pena Family Irrevocable Remainder Trust received a copy of the Verified Complaint as well as a copy of Appendix B through trustee Emilio Davila, Jr. (Doc. 12) on April 12, 2012.

evidence and to prevent subjecting witnesses and agents to physical danger.

WHEREFORE, the United States of America respectfully requests the Court deny Claimants Antonio Pena-Arguelles' and the Pena Family Irrevocable Remainder Trust's Motion to Dismiss and for a More Definite Statement.

        Respectfully submitted,

        ROBERT PITMAN
        United States Attorney

By: _/s/_____
        Mary Nelda G. Valadez
        Assistant United States Attorney
        Asset Forfeiture Section
        601 N.W. Loop 410, Suite 600
        San Antonio, Texas 78216
        Tel:  (210) 384-7040
        Fax: (210) 384-7045
        Texas Bar No. 20421844

        Attorneys for the United States of America

**CERTIFICATE OF SERVICE**

   I hereby certify that on June 14, 2011, the foregoing instrument was electronically filed with the Clerk of the Court using the CM/ECF System which will transmit notification of such filing to the following CM/ECF participants:

Cynthia Hujar Orr
Goldstein, Goldstein & Hilley
310 S. St. Mary's St.
29th Floor, Tower Life Bldg.
San Antonio, Texas 78205

Gerald Harris Goldstein
Goldstein, Goldstein & Hilley
310 S. St. Mary's St.
29th Floor, Tower Life Bldg.
San Antonio, Texas 78205

Donald H. Flanary, III
Goldstein, Goldstein & Hilley
310 S. St. Mary's St.
29th Floor, Tower Life Bldg.
San Antonio, Texas 78205
Attorneys for Claimant Antonio Pena-Arguelles

Emilio Davila
Attorney at Law
1112 San Agustin Ave.
Laredo, Texas 78040
Attorney for Claimant Pena Family Irrevocable Remainder Trust

Donato D. Ramos
Law Offices of Donato D. Ramos, PLLC
Texas Community Bank Building
6721 McPherson, Suite 350
Laredo, Texas 78041
Attorney for Claimant Kasper Entities

                _/s/_____
                Mary Nelda G. Valadez
                Assistant United States Attorney
                Tel: (210) 384-7048