UNDER SEAL

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| Petitioner, § | |
| § | |
| vs. § | Civil Action No. SA-12-CA-0323 OLG |
| § | |
| KASPER PRO VAC SERVICES, LLC; § | |
| KASPER DISPOSAL, LLC; and § | |
| KASPER OIL & GAS FIELD § | |
| SERVICE, LLC, § | |
| Respondents. § | |

**REPLY TO GOVERNMENT'S RESPONSE TO CLAIMANTS'
MOTION FOR SUMMARY JUDGMENT**

TO THE HONORABLE ORLANDO L. GARCIA, UNITED STATES DISTRICT JUDGE FOR THE WESTERN DISTRICT OF TEXAS, SAN ANTONIO DIVISION:

Claimant's ANTONIO PENA-ARGUELLES and EMILIO DAVILA, in their representative capacity as Trustee of the Pena Family Irrevocable Remainder Trust (hereinafter "the Trust"), who have ownership interests in the above named properties, by and through their undersigned counsel hereby Reply to the Government's Response (Dkt. 19) to their Motion for Summary Judgment (Dkt. 26).

**NO DISPUTED ISSUE OF FACT**

It is remarkable and worth note that the Government in its Response does not suggest there is, in fact, any genuine issue of material fact that would disentitle the Claimants to a judgment as a matter of law. Instead, it appears that the Government hopes for discovery of a non-existant claim where it is not aware one exists by conducting formal discovery to which it is not entitled. It is not entitled to such

1

discovery because it has not sufficiently plead a plausible claim that would entitle it to relief. See Motion to Dismiss and Reply.

The Government claims that a motion for summary judgment cannot be decided before it conducts formal discovery.  As the United States Supreme Court held in *Bell Atlantic Corporation v. Twombly,* 127 S. Ct. 1955, 1967 (2007) and *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1954 (2009), because the Government's pleading is deficient under Rule 8, it is not entitled to discovery. Rule 56 does not necessitate discovery before a summary judgment can be granted. *See* FED. R. CIV. P. 56.

## SUPREME COURT HAS MADE CLEAR GOVERNMENT NOT ENTITLED TO DISCOVERY ON "THREADBARE CLAIMS"

While it is true that no formal discovery has been conducted in this case, the Claimants have provided substantial discovery of financial documents and accounting and tracing of the funds that are the source of claimants' interest in the *res*.  Government counsel also has the benefit of the substantial information obtained by virtue of its criminal investigation and case, which has now concluded. More importantly,  the Government's complaint does not state a claim. Consequently, the Government is not entitled to formal discovery. *Id*. Also, for the past three years, Claimants have repeatedly requested a copy or an opportunity to review Government's Appendix A (which, to this date, remains sealed). The Government should not be entitled to rely upon ex-parte communications with the Court.

The party that has been deprived of even a satisfactory rendition of any well-plead facts that the Government might plausibly be entitled to relief, let alone any discovery in this or the criminal case, are the complainants.

**GOVERNMENT HAS THE BURDEN**

The Government's response does not provide, nor even suggest any contested material issue.

> "When a properly supported motion for summary judgment is made, the adverse party 'must set forth specific facts showing that there is a genuine issue for trial.'" *See Anderson v. Liberty Lobby,* Inc., 477 U.S. 242, 249 (1986).

As a consequence, the burden is upon the Government to produce sufficient facts to create a trial issue. *See* FED. R. CIV. P. 56(e). *See Matsushita Elec. Inuds. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986)[Government must "do more than simply show there is metaphysical doubt as to the material facts."]. Since the Government has not suggested nor plead that there is a genuine dispute of material facts, the Government has failed to meet its burden. Therefore, summary judgment in favor of the Claimants is proper. *See Dickerson v.* Hill, 38 F.3d 568 (5th Cir. 1994)[summary judgment should entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case]. The motion for summary judgment should be granted.

Respectfully submitted:

CYNTHIA E. ORR
Bar No. 15313350
GERALD H. GOLDSTEIN
Bar No. 08101000
GOLDSTEIN, GOLDSTEIN AND HILLEY
310 S. St. Mary's St.
29th Floor Tower Life Bldg.
San Antonio, Texas 78205
210-226-1463
210-226-8367 facsimile
E-mail: whitecollarlaw@gmail.com
E-mail: ggandh@aol.com

By:__/s/ __*Cynthia E. Orr*_____
       CYNTHIA E. ORR

Attorneys for Claimant,
ANTONIO PENA-ARGUELLES

## CERTIFICATE OF SERVICE

    I hereby certify that a copy of the above foregoing Reply has been delivered to Mary Nelda Valadez, Assistant United States Attorney, via e-mail, on this the 27th day of August, 2015.

By:__/s/ ____*Cynthia E. Orr*_____
       CYNTHIA E. ORR