UNDER SEAL

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Petitioner, | § | |
| | § | |
| vs. | § | Civil Action No. SA-12-CA-0323 XR |
| | § | |
| KASPER PRO VAC SERVICES, LLC; | § | |
| KASPER DISPOSAL, LLC; and | § | |
| KASPER OIL & GAS FIELD | § | |
| SERVICE, LLC, | § | |
| Respondents. | § | |

**REPLY TO GOVERNMENT'S RESPONSE TO CLAIMANTS'
MOTION TO RECONSIDER MOTION TO DISMISS,
RENEWED MOTION TO DISMISS,
MOTION FOR A MORE DEFINITE STATEMENT
<u>AND MOTION TO SEAL</u>**

TO THE HONORABLE ORLANDO L. GARCIA, UNITED STATES DISTRICT JUDGE FOR THE WESTERN DISTRICT OF TEXAS, SAN ANTONIO DIVISION:

Claimant's ANTONIO PENA-ARGUELLES and EMILIO DAVILA, in their representative capacity as Trustee of the Pena Family Irrevocable Remainder Trust (hereinafter "the Trust"), who have ownership interests in the above named properties, by and through their undersigned counsel hereby Reply to the Government's Response (Dkt. 37) to their Motion to Reconsider Motion to Dismiss (Dkt. 18)[Response], Renewed Motion to Dismiss and Motion for a More Definite Statement (Dkt. 24) [Reply].

**THE GOVERNMENT CANNOT AMEND ITS COMPLAINT**

The Government could have amended its complaint twenty-one days after the original motion to dismiss was filed, more than three years ago. See Rule 15(a) of the FRCP.

1

Claimants mention this because it points to the fact that the Government appears unable to plead a claim that might "plausibly suggest entitlement to relief." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1955 (U.S. 2009). If it could have pleaded such a claim, it would have timely amended to save its complaint.

## DOCUMENTS OUTSIDE THE COMPLAINT CANNOT BE CONSIDERED

The Government's contention that documents outside the complaint provide the facts that give rise to the complaint does not save it.[1] The court cannot rely on these documents to provide facts are not "well plead" within the complaint. Furthermore, the attachment to which the complaint refers as containing facts, contains none.

In addition, the law is that a sealed "appendix," does not place facts within the complaint. The Government agrees with this at page 3 of its Response, admitting the district court cannot go outside the complaint in a 12(b)(6) motion to dismiss.

The complaint does not explain how the *res* is forfeitable under the money laundering statutes. And counsel is unaware of what Appendix A to the complaint states, if anything, about the *res*. This is because for three years counsel has been promised the attachment and has not been provided it upon repeated requests.

## OVERRULED AUTHORITY

The Government relies on overruled and superseded authority to suggest it has a low pleading standard and that the court can look at outside documents when assessing the sufficiency of a complaint. It cites an unpublished 2007 District Court case out of the Southern District of Texas (not precedent) and an overruled case out of the 4th Circuit, *Mondragon*. Both cases are

---

[1] The documents the Government refer to are the indictment, plea agreement, and a mislabeled and referenced attachment or index.

obsolete because they predate the U.S Supreme Court cases regarding minimal pleading requirements: *Twombly* and *Iqbal, infra,* and also predate the amendment to the rules of admiralty.

## US SUPREME COURT SETS PLEADING STANDARDS IN 2009

As a threshold matter, in order to survive a motion to dismiss under Rule 12(b)6, a complaint must state sufficient facts to support a plausible claim. No longer is a pleading sufficient when it makes "an unadorned … accusation." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). Further, the Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions specifically state "… Supplemental Rules C and E and the Federal Rules of Civil Procedure also apply." *See* FED. R. CIV. P. *G.* So it is clear that forfeiture complaints must meet this minimum pleading requirement.

> "Two working principles underlie *Twombly.* First, the tenet that a court must accept a complaint's allegations as true is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. ... Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. ...Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. . . But where the **well -pleaded facts** do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]' - 'that the pleader is entitled to relief." *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949-1950 (2009)[emphasis added to illustrate facts must be plead not appended].

Under the rigorous pleading standards required by *Twombly* and *Iqball* "**a complaint** must contain sufficient factual matter, excepted as true, to 'state a claim to relieF that is plausible on its face.'" *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007)[emphasis added to illustrate complaint must state claim]. A pleading that contains conclusory statements cast as facts is not entitled even to an assumption of truth.[2] *Iqball* at 1950. In addition, these facts must still "plausibly suggest an entitlement to relief." *Iqball* at 1951. The Government has not pleaded facts that place

---

[2] *Blackburn v. City of Marshall,* 42 F.3d 925, 931 (9th Cir. 1995); *U.S. ex rel Williard v. Humana Health Plan of Texas, Inc,* 336 F.3d 375, 379 (5th Cir. 2003).

the *res* within the realm of forfeitable monies under the money laundering statutes.

Further, the government cites to *U.S. v. Mondragon,* 313 F.3d 862 (4th Cir. 2002); a case that has been superseded by statute. The Government mistakenly mischaracterizes the gist of *Mondragon*. In *Mondragon*, the court interpreted admiralty rule E(2)a. However, rule E(2)a was supplanted by G(2)f in 2006.[3] A superseding statute has abrogated *Mondragon*. Nowhere in *Mondragon* is G(2)f mentioned, interpreted or commented upon, which is understandable because G(2)f became law three years after the 4th Circuit's decision. Therefore, *Mondragon* cannot be used to support the Government's contention.

## CONCLUSION

The complaint contains no facts. The appendix, which we still have not seen after three years, cannot be used to sustain the complaint. The Government did not timely amend it. Under the pleading requirements pursuant to the Federal Rules of Civil Procedure[4] and the Rules of Admiralty, the Government does not meet any pleading standards. The Government does not plead "sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial" nor that "plausibly suggest an entitlement to relief." *See* FED. R. CIV. P. G. The motion to dismiss should be granted.

Respectfully submitted:

---

[3] *See U.S. v. 40,00.00 in U.S. Currency*, 2010 WL 2330353, *3 (W.D. N.C. May 11, 2010) ("While claimant accurately reports the substance of that decision, such 2002 decision no longer supports claimant's argument. On December 1, 2006, Rule G of the Supplemental Rules replaced the *in rem* forfeiture provisions of Rule E(2)a, which is the precise rule addressed by the appellate court in *Mondragon*. While the appellate court departed from the use of the phrase "at trial," Rule G(2)(f) specifically incorporated such phrase into Rule G(2)(f).")

[4] The Rules of Admiralty state "… Supplemental Rules C and E and the Federal Rules of Civil Procedure also apply." *See Fed. R. Civ. P. XIII Rule G. Civil Forfeiture.*

                CYNTHIA E. ORR
                Bar No. 15313350
                GERALD H. GOLDSTEIN
                Bar No. 08101000
                GOLDSTEIN, GOLDSTEIN AND HILLEY
                310 S. St. Mary's St.
                29th Floor Tower Life Bldg.
                San Antonio, Texas 78205
                210-226-1463
                210-226-8367 facsimile
                E-mail: whitecollarlaw@gmail.com
                E-mail: ggandh@aol.com


                By:__/s/ __*Cynthia E. Orr*_____
                      CYNTHIA E. ORR

                Attorneys for Claimant,
                ANTONIO PENA-ARGUELLES


**CERTIFICATE OF SERVICE**

5

I hereby certify that a copy of the above foregoing Reply has been delivered to Mary Nelda Valadez, Assistant United States Attorney, via e-mail, on this the 27th day of August, 2015.

By:__/s/ ____*Cynthia E. Orr*_____
CYNTHIA E. ORR